# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE OLIVAS, | CASE NO. 1:09-cv-01522-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JANE DOE HEALTH CARE APPEALS COORDINATOR, | (Doc. 1) |
| Defendant. | |

Plaintiff Jesse Olivas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 28, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

1 do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
2 Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge
3 unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal
4 quotation marks and citation omitted).  While factual allegations are accepted as true, legal
5 conclusion are not.  Iqbal, 129 S.Ct. at 1949.

6 Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated
7 in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis
8 added).  This requires the presentation of factual allegations sufficient to state a plausible claim for
9 relief.  Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere
10 possibility of misconduct falls short of meeting this plausibility standard.  Iqbal at 1949-50; Moss
11 at 969.

12 **II.    Claim Arising from Failure to Process Grievances**

13 Plaintiff alleges that Defendant Jane Doe, the Health Care Appeals Coordinator, refused to
14 process Plaintiff's grievances against staff for misconduct.  Plaintiff asserts that the failure to file
15 and/or investigate grievances claiming staff misconduct violates his First Amendment right to
16 petition the government for redress.

17 To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
18 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
19 law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "[A prison] grievance
20 procedure is a procedural right only, it does not confer any substantive right upon the inmates."
21 Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8,
22 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty
23 interest in processing of appeals because no entitlement to a specific grievance procedure); Massey
24 v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty
25 interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).
26 ///
27 ///
28 ///

1   Because Plaintiff does not have a constitutionally protected right to a grievance procedure,
2   the failure to process his grievances does not state a claim for violation of federal law.[1]

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983.  The deficiency is not curable, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and therefore, this action is DISMISSED, with prejudice, for failure to state a claim.  The Clerk of the Court SHALL enter judgment against Plaintiff.

IT IS SO ORDERED.

**Dated:     October 8, 2009**                            /s/ Sandra M. Snyder
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The wrongful failure to permit an inmate to exhaust the grievance procedure might give rise to a viable claim for denial of access to the courts, but such a claim would only accrue if the staff member's action was wrongful and if the inmate lost his suit for failure to exhaust, a situation not at issue here.  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002); Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).